## LIVINGSTON vs. WALDON.

APPEAL from the court of the first district.

Purchasers at sheriff's sales are not responsible for irregularities antecedent to the issuing the order of sale.

A sale by the sheriff of New-Orleans, for taxes, is legal, if it pursue the same formalities which are directed for the sale of lands in other parts of the state.

MARTIN, J., delivered the opinion of the court. The sheriff of the parish of Orleans having demanded from the plaintiff, payment of the taxes, wherewith he stood charged, on a list transmitted to that officer, by the treasurer of the state, under the act of 1816, *chap.* 47, §5, 3 *Martin's Digest*, 380, *no.* 49, the plaintiff desired that three lots, of which he furnished a written designation, should be seized and sold. They were purchased by the defendant's vendor, and a recovery of them is the object of the present suit.

The defendant sets up his title, and prays, if it be not legal, he may be allowed the sum paid

by his vendor in discharge of the plaintiff's taxes, and the value of his improvements.

There was judgment against the plaintiff, and he appealed.

His counsel has built his hope of success in procuring the reversal of the judgment. on a number of irregularities alleged to have crept in the appraisement of the property, the assessment of the taxes, and the advertisements of the sale.

As to any irregularity anterior to the transmission of the list by the treasurer to the sheriff, we are of opinion that a purchaser at the sale of the latter, cannot be more affected by them, than the vendee on a *fieri facias*, by any error in the proceeding prior to the judgment, or in the judgment itself. We have therefore made no inquiry into any of the alleged irregularities, except those which are stated to have happened in the advertisements.

The plaintiff's counsel urges, that no advertisement was set up; that the sale was not advertised in the French and English languages during thirty-five days, as the law requires, in case of a sale of real property on a *fieri facias*.

HARVARD
SCHOOL
LIBRARY.

LIVINGSTON
*vs.*
WALDON.

The defendant's counsel shows, that the sale was advertised during the whole month of October, in French and English, in one newspaper, except on the Sundays; and in another, on the last day of September, and during the whole month of October, except on the Sundays, in the English language only.

It however appears, that in the newspaper publishing in both languages, there was an omission, as to the English language, of one day.

The plaintiff's counsel contends, that the sheriff had no other legitimate rule of conduct, in the advertisements of the sale, but that prescribed to sheriffs, by the act of 1804, in selling real estate on *fieri facias.*

The defendant's counsel urges, that land sold for the payment of taxes, is sold, according to law, after three weeks public notice at least; that this rule, the only one prescribed by law, for the sale of such land, was obligatory on the sheriff of the parish of Orleans; that he has completely followed it, and therefore the defendant's vendor acquired a good title.

This is the only point on which the case turns.

Throughout the state, except the parish of

Orleans, land is sold for the payment of taxes by the collectors, *after giving at least three weeks' public notice.* 1813, *cap.* 53, §12.

In the parish of Orleans, the treasurer of the state is the collector. 1808, *cap.* 24, §10. If, therefore, he should sell, he must do so *after giving at least three weeks'* public notice: any other rule would be arbitrary.

But to facilitate him, the legislature has authorised him to issue an execution to the sheriff; whether, on such an occasion the sheriff is to proceed as on an execution out of courts, by appraisement, and advertising during thirty-five days; whether he cannot sell, if the land do not bring a certain proportion of the appraised value, we have not inquired; for in the case under consideration no execution issued; but the land was sold under an act of assembly, 1816, *cap.* 47, §49, which provides that the treasurer may transmit to the sheriff of the parish of Orleans, any list or lists for the collection of taxes, and it shall be the duty of the sheriff *to prosecute* on the same, for the collection of said taxes, *without* requiring any execution.

*To prosecute on the same.* How? surely not by the institution of a suit, in the ordinary

East'n District. way. The poor would then be subject to more
May, 1826. costs than the amount of their taxes. We un-
LIVINGSTON derstand this expression as synonymous with,
*vs* *to proceed on the same.* How? In the manner
WALDON. pointed out by law to those who in other
parishes have the like duty to perform; *i. e.*
by a demand, and if necessary, a sale, *after
giving at least three weeks' public notice.*

A sale, in the mode pointed out on a *fieri
facias* would be too tedious and dilatory: the
property must be appraised; if it do not bring
the fixed part of the appraised value, the pro-
perty must be advertised, and sold on a credit.
It cannot be presumed that the rule, prescrib-
ed on the sale of land for taxes throughout
the state, should not be that the legislature
intended to have followed in the parish of
Orleans, because a particular officer was to
sell. There is by far a greater analogy be-
tween the sale of land for taxes, on one side
of the Mississippi by the sheriff, and a like
sale by a collector on the opposite side, than
between such a sale in the parish of Orleans
for taxes, and one on a *fieri facias.*

We think the sheriff did not err, when being
directed to sell the plaintiff's land for the
payment of his taxes, he sold them in the

mode prescribed by law for like sales through-out the other parishes.

East'n. District.
*May*, 1826.

LIVINGSTON
*vs.*
WALDON.

And it appears to us, the sheriff, in the present case, did comply with the formalities the law requires.

He was to sell, after giving public notice for three weeks at least. It is said he set up no advertisement. The defendant offered to prove in this court that he did; the plaintiff objected to the introduction of any evidence out of the record, and we sustained the objection. The law has fixed no particular manner of giving notice. The record shows notice was given for upwards of four weeks, in two newspapers printed in the parish. We think this is a more effectual way of giving notice of the sale, than by setting up a few advertisements: several thousand copies of the advertisement were struck off, and dispersed through the parish: certainly this is as effectual a way of giving notice as can be devised.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Smith* for the plaintiff; *Hoffman* for the defendant.